IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES GERALD HOLMES | : | CIVIL ACTION |
| v. | : | No. 12-6245 |
| WARDEN ALGARIN, et al. | : | |

**ORDER**

AND NOW, this 4th day of September, 2013, for the reasons set forth in the accompanying Memorandum, it is ORDERED the Motions to Dismiss filed by Defendants Warden Frey, Sergeant Berger, Correctional Officer Scullin, Social Worker Bucci, Lieutenant Bates, MCCF Board of Inspectors President McFarland, Lt. Appel, and Social Worker Ianozi, and Defendant PrimeCare, Inc. (Documents 11 & 13) are GRANTED. Holmes's § 1983 claims alleging failure to protect, denial of medical care, and retaliation are dismissed without prejudice. Holmes shall have until October 8, 2013, to file a second amended complaint as to these claims only, which corrects the deficiencies identified in the accompanying memorandum. Failure to file a second amended complaint within the above-referenced time permitted will result in dismissal of these claims with prejudice. Holmes's remaining § 1983 due process claims alleging a denial of the right to present witnesses at a disciplinary hearing, denial of the right to file a grievance, and delaying parole are dismissed with prejudice.

It is further ORDERED Holmes's Motion Not to Dismiss Plaintiff Complaint (Document 14) is DENIED as moot, this Court having construed the motion as a response in opposition to Defendants' motions to dismiss and having considered it in evaluating Defendants' motions.[1]

---

[1] Holmes did not file a response to Defendants' motion to dismiss, instead filing the above-referenced motion not to dismiss. Because this Court has an obligation to construe pro se

It is further ORDERED Holmes's Motion for Appointment of Counsel (Document 15) is DENIED.[2]

BY THE COURT:

＿＿/s/ Juan R. Sánchez＿＿＿＿
Juan R. Sánchez, J.

---

submissions liberally, it will treat this motion as a response to the motion to dismiss. *Smith v. Lindenmeyr Paper Co.*, No. 95-3973, 1997 WL 312077, at *2 (E.D. Pa. June 4, 1997).

[2] In deciding whether to appoint counsel for an indigent civil plaintiff, a district court first must assess whether the plaintiff's case has arguable merit in fact and law, and then must consider a number of factors, including:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations[;] and[]
6. whether the case will require testimony from expert witnesses.

*Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993)). As discussed in the accompanying memorandum, Holmes's case is meritless. In consideration of the lack of merit in Holmes's claims, together with the *Tabron* factors, and mindful that volunteer lawyer time is a precious commodity, the motion for appointment of counsel is denied.